UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>        Plaintiff,<br><br>   v.<br><br>RICK MALMENDIER, et al.,<br><br>        Defendant. | No. 2:16-cv-1737 GEB KJN P<br><br><br>ORDER |

Plaintiff filed a request for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff contends that he submitted evidence in support of his request for leave to proceed in forma pauperis demonstrating that he is at risk of imminent danger based on his physical injuries.

By order filed November 22, 2016, the undersigned found that plaintiff previously sustained three strikes under 28 U.S.C. § 1915(g), and required plaintiff to pay the filing fee in full in order to proceed with this action.

If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The § 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); Andrews, 493 F.3d at 1055. Courts

need "not make an overly detailed inquiry into whether the allegations qualify for the exception." Id. at 1055; see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) ("[Section] 1915(g) is not a vehicle for determining the merits of a claim. . . . [T]o fine-tune what is 'serious enough' to qualify for the exception . . . would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim. This is not required. . . ."). Rather, the court should liberally construe the pro se plaintiff's allegations to determine whether he has a plausible claim of imminent danger.

Plaintiff argues he is in imminent danger of further physical injury resulting from defendants' refusal to comply with his single cell chrono. (ECF No. 10-2 at 6.) Plaintiff suffers from benign prostatic hyperplasia, a serious medical condition, a key symptom of which is acute urinary retention, and if he cannot obtain urgent access to the toilet, can suffer rupturing blood vessels, pain, distended bladder, or supra-pubic herniation. In addition, plaintiff contends that defendants Brager and Malmendier also facilitated the imminent danger by impeding plaintiff's efforts to pursue administrative relief. (ECF No. 10-2 at 7.) Plaintiff is pursuing his single cell claim in Lee v. Orozco, No. 2:16-cv-1738 AC (E.D. Cal.), and raises his due process claims in the instant action.

Whether or not plaintiff has adequately alleged "imminent danger" is a close question. However, plaintiff demonstrated that he sustains pain and physical injury any time he is deprived of timely access to the toilet. Because this court liberally construes plaintiff's complaints, this court finds plaintiff has established an "imminent danger of serious physical injury" and qualifies for the exception to § 1915(g). Therefore, the November 22, 2016 order is vacated, and plaintiff will not be required to pay the full filing fee up front to proceed with this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will screen plaintiff's complaint.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 9) is granted; and

2. The November 22, 2016 order (ECF No. 8) is vacated.

Dated: May 2, 2017

/howz1737.850

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE