UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.L. HOWZE,<br><br>        Plaintiff,<br><br>    v.<br><br>RICK MALMENDIER, et al.,<br><br>        Defendants. | No. 2:16-cv-1737 GEB KJN P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

I. <u>Introduction</u>

      Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On September 14, 2017, plaintiff filed a motion for relief from the August 30, 2017 order requiring plaintiff to pay the filing fee prior to proceeding in this action. Plaintiff notes that on May 2, 2017, the court found plaintiff adequately pled imminent danger at the time he filed the complaint, and was not required to pay the filing fee (ECF No. 12); plaintiff renewed such allegations in his amended complaint. Good cause appearing, plaintiff's motion is granted, and the August 30, 2017 order is vacated.

      Plaintiff's amended complaint is now before the court. As set forth below, the undersigned finds that the amended complaint should be dismissed without leave to amend.

////

1

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.

Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

III. Discussion

In his amended complaint, plaintiff renews his First Amendment access to the court claim, but also renews his claim for fraud which was dismissed without leave to amend. (ECF No. 13 at 3.) In addition, plaintiff added an equal protection claim.

First, because the claim for fraud was dismissed without leave to amend, plaintiff was not permitted to renew such claim in his amended complaint. In any event, his claim for fraud fails for the same reasons set forth in the prior order. (ECF No. 13 at 2-3.)

Second, plaintiff was not granted leave to add a new claim. Nonetheless, plaintiff fails to state a cognizable equal protection claim. To state a claim under the Equal Protection Clause for a member of a protected class, a plaintiff must demonstrate that (1) he is a member of a protected class and (2) that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). A mental disability is not a quasi-suspect classification. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 442 (1985). "'Discriminatory purpose'. . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal citation omitted). In the amended complaint, plaintiff does not demonstrate that he is a member of a protected class. In addition, plaintiff alleges no facts demonstrating that any defendant acted with a discriminatory purpose or intent. Given that plaintiff has had two opportunities to plead facts supporting his First Amendment claim, it does not appear likely that plaintiff can allege such facts. Plaintiff's equal protection claim is dismissed without leave to amend.

Third, plaintiff was granted leave to file an amended complaint to raise First Amendment access to courts claims against defendants Malmendier and Brager. Plaintiff was informed that:

Prisoners have a First Amendment right to access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). Prisoners have no freestanding right to a prison grievance process, see

Ramirez, 334 F.3d at 860, but "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). To state a viable claim that his right to access the courts has been violated, a plaintiff must have suffered an "actual injury" by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002). Therefore a correctional officer's active interference with an inmate's appeal may be the basis of a claim under the First Amendment if that action disabled the inmate from pursuing litigation in court. See Navarro v. Herndon, 2012 WL 6097112 at *2 (E.D. Cal. Dec. 7, 2012). The right of access to the courts applies to nonfrivolous direct criminal appeals, habeas corpus proceedings, and Section 1983 actions. Lewis, 518 U.S. at 353 n.3, 354-55.

Here, plaintiff alleges that defendants' actions prevented him from pursuing his claims in Case No. 2:14-cv-2069 GEB CKD, which was dismissed based on plaintiff's alleged failure to exhaust his administrative remedies. (ECF No. 18 at 6.) However, such dismissal[1] was not based on the alleged actions of the defendants named herein; rather, the failure to exhaust finding was based on plaintiff's failure to wait until the exhaustion process was completed before he filed the action on September 5, 2014. No. 2:14-cv-2069 GEB CKD (ECF No. 49 at 8-9). The judge found:

> Plaintiff has not shown that the exhaustion process was "effectively unavailable" so as to excuse his failure to timely exhaust administrative remedies. Instead, the record shows that his first two grievances were rejected on procedural grounds at the first level. Rather than submit the necessary supporting documents for this first appeal, or appeal the cancellation of his second appeal, plaintiff filed a third appeal after the commencement of this lawsuit. This appeal was accepted and partially granted, and plaintiff was able to complete the exhaustion process. Because plaintiff did not wait until this process was complete to file the instant action, he failed to comply with the statutory requirements for exhaustion. Thus the undersigned will recommend that defendants' motion for summary judgment be granted.

(Id. at 9.) Thus, court records reflect that plaintiff was able to complete the exhaustion process, but simply filed his federal complaint too soon, before the exhaustion process was complete.

---

[1] A federal court may take judicial notice of adjudicative facts. Fed. R. Evid. 201(a)-(c). A court may also take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

4

Because the findings in No. 2:14-cv-2069 GEB CKD demonstrate that the dismissal of such action was based on plaintiff's conduct, not the actions of the defendants named herein, the amended complaint fails to state a claim against defendants for the alleged interference with plaintiff's access to the courts in connection with the filing of Case No. 2:14-cv-2069 GEB CKD. Plaintiff cannot further amend in order to state a cognizable access to the courts claim based on such prior case. Thus, plaintiff's access to the courts claim based on such case must be dismissed without leave to amend.

Plaintiff has had two opportunities to plead an access to the courts claim. Plaintiff was provided detailed standards on how to plead such a First Amendment claim. (ECF No. 13 at 3-4.) The claim pled in the amended complaint cannot be cured by amendment. Thus, after careful consideration, the undersigned finds that the plaintiff's amended complaint should be dismissed without leave to amend.

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from the August 30, 2017 order (ECF No. 20) is granted;

2. The August 30, 2017 order (ECF No. 19) is vacated;

IT IS RECOMMENDED that plaintiff's amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 12, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/howz1737.56